UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:10-CV-00028-RLV-DSC

FILED
CHARLOTTE, NC
MAR 29 2012
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

| | |
|---|---|
| CHRISTOPHER ISLAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **CONSENT PROTECTIVE ORDER** |
| v. ) | |
| ) | |
| SGT. HICKS, et. al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff Christopher Islar and Defendants Landon W. Hicks, III, Robert T. Barker, and Laurin Curtis and Defendant David Caputo contemplate that certain documents, material, and information that may be disclosed in the course of this litigation is or may be of a confidential nature. In an effort to resolve these concerns, the parties recognize that the entry of a protective order is appropriate to ensure that the documents, materials, and information are not disclosed or used for any purpose except in connection with this litigation. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon the agreement of counsel, it is hereby ORDERED that:

1. **Scope of the Order.** This Order governs the handling and disclosure of all documents, materials and information identified, produced, given, exchanged, obtained, or filed herein and designated as "Confidential Information" by any party or witness during discovery and all other pre-trial, trial and post-trial proceedings in this action including, but not limited to, mediation, other alternative dispute resolution processes, and any other settlement proceedings.

2. **Agreement on Use of Confidential Information.** All Confidential Information, as defined and designated in accordance with this Order, shall be used solely in the prosecution or defense of this action including, but not limited to, mediation, other alternative dispute resolution processes, any other settlement process, and all other pre-trial, trial and post-trial

proceedings in this action and shall not be used or disclosed by any person for any other purpose.

3. **"Disclosure"**. When used in this Order, the term "Disclosure" shall mean to communicate, provide, impart, transmit, transfer, convey, publish, or otherwise make available.

4. **"Confidential Information"**. When used in this Order, the term "Confidential Information" means:

   a. The medical and mental health records generated in the treatment or handling of Plaintiff Islar (DOC #0638076) during his incarceration within the Division of Adult Correction in the North Carolina Department of Public Safety (hereinafter, "NCDAC").

   b. The personnel files, as defined in N.C. Gen. Stat. § 126-22(3), of any of the named defendants maintained by the NCDAC as well as the personnel files of any other employees or former employees of the NCDAC who are identified as witnesses or persons with knowledge in the course of discovery by the parties.

   c. The Inmate Summary Records, Inmate Activity Histories, Health Classification and Considerations, Medical Laboratory Logs, Medical Encounter Logs, NCDAC Offender Information Screens, and Inmate Case Management Notes as recorded and maintained by the NCDAC in the Offender Population Unified System ("OPUS"), an electronic database containing comprehensive inmate records, for Plaintiff Islar (DOC #0638076).

   d. Other documents, materials, or information that Plaintiff and Defendants agree shall be designated Confidential Information. If disputes arise regarding the designation of Confidential Information, the parties will bring the matter to the Court's attention for resolution.

5. **Designation of Confidential Material.** Designation of material as Confidential Information shall be made as follows:

   a. In the case of documents furnished by the Designating Party, by either: (1) writing, typing, or stamping on the face of each page containing Confidential Information the legend "CONFIDENTIAL"; or (2) specifically identifying, by reference to Bates or other number(s), certain documents considered confidential by the Designating Party and which are expressly produced "pursuant to the Consent Protective Order;"

   b. In the case of written discovery responses, by either: (1) writing, typing, or stamping on the face of each page containing Confidential Information the legend

"CONFIDENTIAL"; or (2) specifically identifying, by reference to Bates or other number(s), certain documents considered confidential by the Designating Party and which are expressly produced "pursuant to the Consent Protective Order;"

c.  In the case of deposition transcripts, or portions thereof, by identifying Confidential Information subject to this Order either (i) by stating on the record that portion of the testimony and any exhibits to the testimony are Confidential Information, in which case the transcript of the designated testimony and relevant exhibits shall be bound in a separate volume and designated "CONFIDENTIAL" by the reporter, or (ii) by written notice to the reporter and counsel of record, given within thirty (30) days of receipt of the transcript by the counsel for the Designating Party, in which case the reporter shall prepare a final transcript with transcript of the designated testimony and relevant exhibits bound in a separate volume and designated "CONFIDENTIAL."

d.  A party may object to the designation of particular documents as Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. The parties will make a good faith effort to resolve the objection. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within the ten (10) business days required above, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with any motion filed under this provision, the party designating the information as Confidential Material shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential.

6.  **Disclosure of Confidential Information.**  Confidential Material shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any way to anyone except as specified in this paragraph:

a.  attorneys actively working on this case;

b.  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, or other proceedings in this case;

c.  the parties to this lawsuit; except that PERT Advance Inmate Transfer Techniques that shall be stamped "CONFIDENTIAL – NOT TO BE DISCLOSED TO INMATE/PLAINTIFF" shall not be disclosed to Inmate/Plaintiff;

d.  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial, or other proceedings
in this case;

e.  the Court and its employees, including persons who assist in settlement negotiations between the parties to this lawsuit ("Court Personnel");

f.  stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action; and

g.  deponents in this lawsuit in connection with their testimony about such materials in this lawsuit.

Prior to disclosing any Confidential Material to any person listed in sub-paragraphs a. – g. above (other than counsel, persons employed by counsel, Court Personnel, stenographic reporters, and videographers), counsel shall provide such person with a copy of the Protective Order and have such person execute a copy of Exhibit A acknowledging that he or she has read this Protective Order and agreed to be bound by its provisions. All such acknowledgements shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel. This Protective Order shall not prohibit or restrain any party from performing the tasks necessary to prepare for trial; however, any redisclosure or communication of the information covered by this Protective Order, except as specifically allowed by this Protective Order for the purposes of this litigation only, is strictly prohibited. The object of this Protective Order is that none of the information revealed in connection with such protections be used for any purpose other than in relation to this litigation and that no one be allowed to use any information produced pursuant to this Protective Order for their own

purposes or in connection with any other issue, dispute, litigation or charge against any of the parties whether currently pending or contemplated in the future. No reproduction of information disclosed in reliance on this Protective Order is authorized, except to the extent copies are required to prepare the case for trial. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions hereof shall be stamped to indicate the protected and confidential nature of the disclosed information. Review of Confidential Material by counsel, experts, or consultants for the litigation will not constitute any waiver of the confidentiality of the document or any objections to production. The inadvertent, unintentional, or in camera disclosure of Confidential Material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality. Counsel to the parties are required to advise, instruct and supervise all associates, staff and employees of counsel to keep designated Confidential Material confidential in the strictest possible fashion. Counsel and the Parties also agree to such treatment of the information by themselves, and counsel will appropriately instruct their clients as to the protected nature of the information produced pursuant to this Protective Order and the limitations on its use and disclosure.

7. **Filing with the Court.** Any Confidential Information filed with the Court shall be filed as provided for by Local Rule 6.1, with the legend "CONFIDENTIAL" written, typed, or stamped on the container in which the Confidential Information is filed. Any Confidential Information filed under seal may be revealed only upon order of the Court or upon prior written consent of counsel for the Designating Party; however, counsel for the Designating Party may provide to counsel for the Requesting Party a redacted copy of the Confidential Information, if practical. The Clerk of Court shall maintain all such sealed containers of Confidential Information intact and unopened except as otherwise directed by the Court; however, such

information shall be available at all times to the Court and to such persons as are permitted access to Confidential Information under the terms of this Order.

8. **Authors/Recipients.** Except as specifically noted herein, this Order shall not limit a Designating Party's use of its own Confidential Information, nor shall this Order limit the ability of a party to disclose any document to its author or to anyone identified on the face of the document as a recipient.

9. **Return of Confidential Information.** After the action concludes and all appeals have been completed, Designating Party's counsel is charged with the responsibility of retrieving and maintaining all sealed documents. Requesting Party shall ensure that all copies of Confidential Information provided by the Designating Party remain Confidential after this action concludes in accordance with this Protective Order. In addition, following the completion of this litigation, including pre-trial, trial and post-trial proceedings, counsel for the Requesting Party shall insure that all copies of Confidential Information are returned intact to the counsel for the Designating Party along with a written disclosure of the persons to whom such Confidential Information was disclosed including, but not limited to, the person's name, association with this litigation, and reason for disclosure; notwithstanding, that the ultimate disposition of all Confidential Information is subject to a final order of this Court on the completion of the litigation.

10. **Purpose of Order.** This Order is entered solely for the purpose of facilitating the exchange of information between the parties without involving the Court unnecessarily in this process. Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) a waiver of confidentiality or any other waiver, including waiver to admission or of objection under the rules

of evidence, by any party, or (ii) altering any existing obligation or objection of any party. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard. Nothing in this Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that the party or other person believes to be improper. Nothing in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility or discoverability of confidential documents or information sought. The provisions of this Order shall not terminate at the conclusion of the litigation and shall continue forward unless modified by Court Order.

**IT IS SO ORDERED**, this the 29 day of March, 2012

_____
David S. Cayer
**United States Magistrate Judge**

**WE CONSENT:**

ROY COOPER
ATTORNEY GENERAL

**s/ April M. Giancola**
April M. Giancola (N.C. State Bar. # 36796)
North Carolina Prisoner Legal Services, Inc.
Post Office Box 25397
Raleigh, NC 27611
Telephone: (919) 856-2200
Facsimile: (919) 856-2223
E-mail: agiancola@ncpls.org
Attorney for Plaintiff

**s/ Yvonne B. Ricci**
Yvonne B. Ricci (N.C. State Bar # 21641)
Assistant Attorney General
North Carolina Department of Justice
P.O. Box 629
Raleigh, NC 27602-0629
Telephone: (919) 716-6500
Facsimile: (919) 716-6761
E-mail: yricci@ncdoj.gov
Attorney for Defendants Hicks, Barker, and Curtis

<u>**s/ J. Elliott Field**</u>
J. Elliott Field (N.C. State Bar. # 21679)
216 N. McDowell St., Ste. 100
Charlotte, NC 28204
Telephone: (704) 334-3747
Facsimile: (704) 334-3748
E-mail: elliottfield@bellsouth.net
Attorney for Defendant Caputo