IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:10-CV-00028-RLV-DSC

| | |
|---|---|
| CHRISTOPHER ISLAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **DEFAULT JUDGMENT** |
| ) | |
| FNU HICKS, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff Islar's unopposed Motion for Default Judgment (Doc. 68), filed August 31, 2012. The Court here commits to writing its oral order issued during the motion hearing of September 11, 2012.

## I. INTRODUCTION

On March 4, 2010, Plaintiff Islar filed his Complaint pursuant to 42 U.S.C. § 1983 to address the alleged deprivation of his Eighth and Fourteenth Amendment rights. On September 7, 2010, Defendant Pennell was served with the Summons and Plaintiff's Complaint. (Doc. 19.) Defendant's responsive pleading was due twenty-one days later on September 28, 2010. Fed. R. Civ. P. 12(a)(1). To date, Defendant Pennell has neither filed a responsive pleading nor requested an extension of time to do so. Accordingly, upon Plaintiffs' prior motion (Doc. 36), the Clerk of Court entered default against Defendant (Doc. 37). Plaintiffs now request entry of default judgment and for the amount of damages owed by Defendant Pennell to be determined in the course of the trial of the above-captioned matter. For the reasons stated below, Plaintiff's Motion is granted in full.

1

Upon default, the well-pleaded allegations of the Complaint relating to liability are taken as true. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). However, Defendant, by his default, does not admit conclusions of law or that the movants are entitled to the relief they seek. *See Thomson v. Wooster*, 114 U.S. 104, 113 (1885) (stating that a default judgment may be lawfully entered only "according to what is proper to be decreed upon the statements of the bill, assumed to be true," and not "as of course according to the prayer of the bill"). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought . . . ." *Ryan*, 253 F.3d at 780.

## II. DISCUSSION

The Court here incorporates the facts of the case as outlined in its prior Order granting in part and denying in part Defendants' Motions for Summary Judgment. (Doc. 80.)

Defendant Pennell accompanied Defendant Caputo in escorting Plaintiff Hicks to his cell. Pennell further aided Defendant Barker in reapplying Plaintiff's leg restraints after Defendant Caputo began to use allegedly excessive force. As addressed in the Court's prior Order, such conduct in itself "is simply not indicative of a malicious and sadistic mind" and cannot support Plaintiff's third cause of action. (Doc. 80 at 7.) However, as previously discussed with respect to Defendants Barker and Curtis, Defendant Pennell was within the vicinity of Plaintiff and Defendant Caputo, and was able to respond to Caputo's use of force in some fashion. (Doc. 80 at 7–8.) By failing to respond, Defendant Pennell has admitted to facts sufficient to support Plaintiff's second cause of action.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 68) be **GRANTED**.

Signed: September 24, 2012

Richard L. Voorhees
United States District Judge

3